# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DOREEN MORONEY,**

**Plaintiff,**

**v.** **Case No: 6:26-cv-1172-JSS-DCI**

**FLORIDA DEPARTMENT OF HEALTH,**

**Defendants.**
_____________________________________/

## ORDER

Pending before the Court is Plaintiff's Motion to Seal Plaintiff's Current Address and Maintain Public Service Address. Doc. 8 (the Motion). Plaintiff, proceeding *pro se*, requests that the Court seal her current address in Georgia and allow her to proceed with a former Florida address because she is the alleged "victim of prolonged stalking and harassment campaign by one of the defendants in the case." *Id.* at 1. Plaintiff contends that public disclosure of her current address "would place her at risk of further harm from the defendant who has previously tracked, followed, and targeted her." *Id.*

The Motion is due to be denied. First, Plaintiff fails to state the legal basis for the request and does not include a legal memorandum in support of the motion. The Court requires that "[a] motion must include — in a single document no longer than twenty-five pages — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request." Local Rule 3.01(b). Accordingly, the Motion is deficient.

Second, while Plaintiff does not cite to the legal basis for relief, Local Rule 1.11 governs the sealing of items in a civil action in this district. Local Rule 1.11 provides:

(b) MOTION TO SEAL. A motion to seal an item:

(1) must include in the title 'Motion to Seal Under [Statute, Rule, or Order]' or, if no statute, rule, or order applies, 'Motion to Seal';

(2) must describe the item;

(3) must establish

(A) that filing the item is necessary,

(B) that sealing the item is necessary, and

(C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory;

(3) must include a legal memorandum;

(4) must propose a duration for the seal;

(5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;

(6) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and

(7) must include the item, which is sealed pending an order resolving the motion.

Local Rule 3.01(b). Plaintiff moves to seal her address but has not included the legal memorandum and proposed duration of the seal.

Lastly, aside from Plaintiff's procedural deficiencies, the Court finds that Plaintiff has not established entitlement to relief. Federal Rule of Civil Procedure 11 requires that all pleadings and papers filed with the Court to include a mailing address, among other information. Fed.R.Civ.P. 11(a) (stating that even if a party is unrepresented, "[t]he paper must state the signer's address, e-mail address, and telephone number"); *see Guide for Proceeding Without a Lawyer* (last updated February 10, 2022) (https://www.flmd.uscourts.gov/sites/flmd/files/documents) ("Signature Block: complaint (and other documents filed with the court, except for exhibits) must

include a signature block for each person filing it. A signature block must include a signature, name, address, and phone number. If you change your name, phone number, or address, you must update your information with the court."). "And although the Rules include privacy protections requiring redaction of other types of information relating to 'an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number,' addresses are *not* among the categories requiring redaction." *Taylor v. Bayforce Tech. Sols.*, 2026 WL 746588, at *1 (M.D. Fla. Mar. 17, 2026) (quoting Fed.R.Civ.P. 5.2(a) (emphasis in original)).

Further, "it has long been established that the public has a common law right to access judicial proceedings, including the right to inspect and copy public records and court documents." *Ntoni v. Charlemagne*, 2025 WL 2531486, at * (citing *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2011) (*Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.")). "'Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case.'" *Id.* (quoting *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992)). However, "[t]he common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting *Chi. Trib.*, 263 F.3d at 1309)); *see also Doe v. Neighborhood Rest. Partners*, 2022 WL 17360654, at *1 (M.D. Fla. Dec. 1, 2022) ("[A] party requesting to seal any portion of a judicial record bears [a] heavy burden of showing that the material is the kind of information that courts

will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.") (citation and internal quotation marks omitted).

Here, Plaintiff does not address the appropriate standard to seal information in this case and, therefore, does not discuss the balancing of interests. As such, Plaintiff has not met her burden for relief. *See Ntoni*, 2025 WL 2531486, at *1, 2 (finding that the plaintiff had not shown good cause or demonstrated extraordinary circumstances that would require the court to seal the address even though the plaintiff alleged that the disclosure of the address was appropriate due to "threats and harassment from parties connected to Defendant") (citing *Warren v. DeKalb*, 2019 WL 11508448, at *2 (N.D. Ga. May 17, 2019) (finding that the plaintiff did not show extraordinary circumstances that would require the court to seal her address or phone number)); *see also Taylor*, 2026 WL 746588, at *1 (finding that a motion to seal was insufficient because "[t]he [m]otion mentions sealing or redacting only [p]laintiff's address, and it cites no supporting authority for any such request, making only passing reference to unspecified 'personal safety concerns'") (citing *Flippen v. Rolling Hills Hosp.*, 2025 WL 2990660, at *2 (M.D. Tenn. Oct. 23, 2025) (denying motion to seal or redact *pro se* party's personal address where he alleged "that 'public disclosure of [his] home address raises serious concerns for safety, privacy, and potential retaliation. . . [and] could expose him to unwanted attention or harassment and serves no legitimate public interest'" because "[n]either harm to reputation nor conclusory allegations of injury are sufficient to overcome the presumption in favor of public access")).

Accordingly, it is **ORDERED** that Plaintiff's Motion (Doc. 8) is **DENIED without prejudice**. **ORDERED** in Orlando, Florida on August 10, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE