UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DOREEN MORONEY,**

**Plaintiff,**

**v.** **Case No: 6:26-cv-1172-JSS-DCI**

**FLORIDA DEPARTMENT OF HEALTH, et al.,**

**Defendants.**

_______________________________________/

# ORDER

This matter comes before the Court for consideration without oral argument on two motions filed by *pro se* Plaintiff Doreen Moroney: a "Motion for Permission to Use CM/ECF" (Doc. 17, the CM/ECF Motion); and a "Renewed Motion to Seal Plaintiff's Address and for Protective Order" (Doc. 18, the Motion to Seal). For the reasons stated herein, both motions are due to be **DENIED**.

As a threshold matter, Plaintiff fails to state the legal basis for her requests and does not include a legal memorandum in support of either motion. The Court requires that "[a] motion must include — in a single document no longer than twenty-five pages — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request." Local Rule 3.01(b). Accordingly, both of Plaintiff's motions are deficient and due to be denied.

With respect to Plaintiff's CM/ECF eligibility, "[a]bsent a court order, a pro se litigant is not permitted to file documents in CM/ECF." Admin. Proc. for Elec. Filing § B(4) (November 18, 2025). Further, "[p]ro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." *See Huminski v.*

*Vermont*, No. 2:13-cv-00692-JES-D_F, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014); *McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011)[1] (per curiam) (affirming denial of CM/ECF access for *pro se* litigant because there was "no good cause under the circumstances of the case to authorize his access."); *Landazuri v. City of Port Orange*, No. 6:25-cv-2515-AGM-LHP, 2026 WL 243738, at *1 (M.D. Fla. Jan. 29, 2026) (finding that plaintiffs made no showing of good cause or extenuating circumstances by "merely referencing their pro se status and the convenience of electronic filing"); *see also Gerow v. Blackwell*, No. 8:24-cv-02280-KKM-NHA, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) ("The Eleventh Circuit has routinely upheld this district's practice of denying CM/ECF access to pro se litigants absent a showing of good cause.") (citations omitted).

The Court notes that Plaintiff already has a PACER account "and is able to access CM/ECF notices and filings." Doc. 17 at 1. Thus, Plaintiff only requests access to file through the Court's CM/ECF system, asserting that granting her request will "promote efficiency, reduce delay, and ensure timely receipt of filings and orders." *Id.* at 2. But the Court finds that Plaintiff has not shown any extenuating circumstances or good cause to authorize her access to file via CM/ECF. Plaintiff has already filed several documents without CM/ECF access. *See* Docs. 1, 2, 7, 10, 11, 12, 16, 17, 18, 19, 21, and 22. Accordingly, the Court is not persuaded that CM/ECF access is necessary for Plaintiff to litigate this matter. Further, the Court is not convinced that the filing of future documents by U.S. Mail will be unduly burdensome and prejudicial to Plaintiff. Thus, the request for CM/ECF filing privileges is due to be denied. The Court also notes that Plaintiff has not been given permission to proceed *in forma pauperis*. *See* Doc. 22 (pending motion to proceed

---

[1] In the Eleventh Circuit, unpublished decisions are not binding but are persuasive authority. *See* 11th Cir. R. 36-2.

*in forma pauperis*). If Plaintiff is permitted to proceed *in forma pauperis* or circumstances otherwise change, the Court may revisit this decision.

Turning to the Motion to Seal, Plaintiff asks the Court to seal Plaintiff's address and "permit Defendants to serve her via email or through the Clerk of Court" (Doc. 18 at 8); Plaintiff further requests a protective order preventing the disclosure of Plaintiff's current and/or future address (*Id.* at 9).

Local Rule 1.11 governs a request to seal in a civil case. Further, "it has long been established that the public has a common law right to access judicial proceedings, including the right to inspect and copy public records and court documents." *Ntoni v. Charlemagne*, 2025 WL 2531486, at *1 (citing *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2011). "'Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case.'" *Id*. (quoting *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992)). However, "[t]he common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting *Chi. Trib.*, 263 F.3d at 1309)); *see also Doe v. Neighborhood Rest. Partners*, No. 8:22-cv-2483-TPB-CPT, 2022 WL 17360654, at *1 (M.D. Fla. Dec. 1, 2022) ("[A] party requesting to seal any portion of a judicial record bears [a] heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.") (citation and internal quotation marks omitted).

Plaintiff states she has previously filed documents in Florida county courts, and she alleges her home address may have been obtained by Defendant "Fumptruck" through these filings. Doc.

18 at 6. Plaintiff further alleges "Fumptruck" has located Plaintiff at multiple different addresses across multiple cities and states, and these locations have been posted publicly.[2] *Id.* at 4-5. According to Plaintiff, this led to an unrequested wellness check conducted at Plaintiff's Georgia residence by the Richmond County Sheriff's Office in March 2025; "Fumptruck" supposedly admitted to calling the sheriff's office "and made allegations about Plaintiff," resulting in the wellness check. *Id.* at 5. Plaintiff claims she now faces

> [A] substantial and ongoing risk of misinterpretation by law enforcement, employers, and members of the public. . . . Plaintiff experiences constant fear that members of the public may identify her, approach her, or harm her due to the false portrayal circulated online. . . . Public disclosure of Plaintiff's current address would expose her to continued harassment, potential danger, and further destabilization at a time when she lacks the financial and social resources necessary to safeguard herself.

*Id.* at 7.

Plaintiff argues the factual record she submits "demonstrate[es] that the danger she faces is ongoing, severe, and well-documented," justifying her request that the Court seal her personal address. *Id.* at 8. The Court notes that, although Plaintiff did indeed provide a lengthier factual record in this renewed Motion to Seal, neither the relief requested nor the basis upon which to grant that relief have changed. *See* Doc. 8 (Plaintiff's original motion to seal her address); Doc. 14 (order denying that motion without prejudice).

To the extent the Motion to Seal is a motion to reconsider the Court's denial of Plaintiff's original motion to seal, the Court finds that Plaintiff has neither stated nor met the legal standard

---

[2] Plaintiff asserts "the individual [defendant "Fumptruck"] has repeatedly located Plaintiff in:

- Titusville, Florida
- Indianapolis, Indiana
- Augusta, Georgia

The individual publicly posted Plaintiff's locations each time, including Plaintiff's relocation to Georgia." Doc. 18 at 4-5.

for reconsideration of an order. Reconsideration is an extraordinary remedy and is only granted upon showing of: (1) an intervening change in law; (2) the discovery of new evidence that was not available at the time the Court rendered its decision; or (3) the need to correct clear error or manifest injustice. *Fla. Coll. Of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). The Court will not reconsider a prior decision without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Assn., Inc.*, No. 6:11-cv-1637-GAP-DAB, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (internal citation omitted). While Plaintiff now includes the March 2025 wellness check as part of the factual basis in her request for relief, this is insufficient to meet the high bar for reconsideration. As such, the Motion to Seal is due to be denied.

Regardless, as before, Plaintiff has not addressed the appropriate standard for sealing her address nor balanced her interest in sealing against the public's interest in access to public records. Therefore, Plaintiff has not met her burden for relief. *See Ntoni*, 2025 WL 2531486, at *1, 2 (finding that the plaintiff had not shown good cause or demonstrated extraordinary circumstances that would require the court to seal the address even though the plaintiff alleged that the disclosure of the address was appropriate due to "threats and harassment from parties connected to Defendant") (citing *Warren v. DeKalb*, 2019 WL 11508448, at *2 (N.D. Ga. May 17, 2019) (finding that the plaintiff did not show extraordinary circumstances that would require the court to seal her address or phone number)); *see also Taylor v. Bayforce Tech. Solutions*, No. 3:25-cv-1213-WWB-SJH, 2026 WL 746588, at *1 (finding that a motion to seal was insufficient because "[t]he [m]otion mentions sealing or redacting only [p]laintiff's address, and it cites no supporting authority for any such request, making only passing reference to unspecified 'personal safety concerns'") (citing *Flippen v. Rolling Hills Hosp.*, No. 3:25-cv-00617, 2025 WL 2990660, at *2

(M.D. Tenn. Oct. 23, 2025) (denying motion to seal or redact *pro se* party's personal address where he alleged "that 'public disclosure of [his] home address raises serious concerns for safety, privacy, and potential retaliation. . . [and] could expose him to unwanted attention or harassment and serves no legitimate public interest'" because "[n]either harm to reputation nor conclusory allegations of injury are sufficient to overcome the presumption in favor of public access") (internal citations omitted)).

That said, the Court notes that there is no requirement that Plaintiff include her *residential* address in her filings. Federal Rule of Civil Procedure 11 states that "[e]very pleading, written motion, and other paper . . . must state the signer's address, e-mail address, and phone number." Fed. R. Civ. P. 11(a). *See Ntoni*, 2025 WL 2531486, at *1 ("Neither the Local Rules nor the Federal Rules of Civil Procedure permit a party to prosecute a case before the Court without providing **contact information**, including **an** address.") (emphasis added). If Plaintiff is concerned about her residential address appearing on the docket, she is free to utilize a different address to receive service of documents in this case and to file a notice updating her address, which notice would result in an update of her address on the docket of the case.

Accordingly, it is **ORDERED** that the CM/ECF Motion (Doc. 17) and the Motion to Seal (Doc. 18) are **DENIED**.

Ordered in Orlando, Florida on October 21, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE